IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MANDIE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-1090-CV-W-ODS |
| ) | |
| CAREER EDUCATION CORPORATION, ) | |
| SANFORD BROWN COLLEGE, INC., ) | |
| COLORADO TECHNICAL UNIVERSITY, ) | |
| INC., and DALE MARBELL, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION TO AMEND, AND (2) DENYING DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' motion to dismiss (Doc. 8) and Plaintiff's motion for leave to file her first amended complaint (Doc. 15). Plaintiff's motion for leave is granted, and Defendants' motion to dismiss is denied.

## I. BACKGROUND

On November 24, 2009, Plaintiff filed a three-count petition in state court against Defendants, asserting a claim under the Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010, *et seq.* (MMPA), a claim for fraudulent misrepresentation, and a claim for fraudulent omission or concealment. Plaintiff alleged Defendant Career Education Corporation (CEC) owned and operated Sanford Brown College, Inc. (SBC), which offered a medical assistant program at its North Kansas City campus. Plaintiff enrolled in SBC's medical assistant program in February 2004. Plaintiff asserted that Defendant Dale Marbell, an admissions representative for SBC, persuaded her to enroll in the program by telling her that she reasonably could expect to earn $18-$20 per hour upon graduation, that the medical assistant program was the highest job demand field,

that SBC would provide placement services to Plaintiff, that graduates of SBC had no trouble finding jobs in their respective fields, and that SBC would provide her state of the art training aids and equipment upon which to learn.

After Plaintiff filed her petition in state court, CEC and SBC (which had changed its name to Colorado Technical University, Inc. (CTU)) removed the action to federal court and filed a motion to dismiss, arguing Plaintiff's claims were barred by the 5-year statute of limitations found at Mo. Ann. Stat. § 516.120. In addition, CEC and SBC/CTU contended certain allegations in Plaintiff's petition should be dismissed or struck because they were either attempts to recover damages for educational malpractice (a cause of action not cognizable in Missouri) or for representations of what independent parties would do in the future (which generally are not actionable).

In response to CEC and SBC/CTU's limitations argument, Plaintiff filed a motion for leave to file her first amended complaint, attached to which was a proposed First Amended Complaint alleging additional facts regarding Plaintiff's discovery of the claimed fraud. Plaintiff claimed she graduated from SBC/CTU in March 2005, and thereafter discovered that the job demand, job placement, starting salary, and state of the art representations made to her were false. Plaintiff further maintained that after graduation Defendants failed to provide placement assistance as promised, that she was unable to find a job for more than 1 year, and that when she finally was hired her pay rate was only $10 per hour and she learned that she had not been trained on state of the art equipment. In response to CEC and SBC/CTU's other arguments, Plaintiff maintained that she was accusing Defendants of failing to perform specific promises made to her, not educational malpractice, and that the representations she was relying upon were actionable notwithstanding that they related to future events.

## II. DISCUSSION

To survive a motion to dismiss, a claim must have "'facial plausibility when the plaintiff pleads a factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Dubinsky v. Mermart*, LLC

595 F.3d 812, 815 (8th Cir. 2010) (citations omitted).  In determining whether a claim is facially plausible, the Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party."  *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).  "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."  *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

The Court first considers whether Plaintiff should be permitted to amend her pleadings.  Leave to amend pleadings should be freely granted when justice so requires.  *In re Hutchinson Technology, Inc. Securities Litigation*, 536 F.3d 952, 962 (8th Cir. 2008).  However, the Court is not obligated to grant leave when the proposed amendment to the complaint would be futile.  *See id.*  Defendants contend Plaintiff should not be allowed to amend her petition and her suit should be dismissed because she has failed to plead facts showing due diligence in discovering Defendants' alleged fraud.  The Court disagrees.

Claims for fraudulent misrepresentation, fraudulent concealment, and for violations of the MMPA must be commenced within 5 years after they accrue.  *See* Mo. Ann. Stat. § 516.100; Mo. Ann. Stat. § 516.120(2) (prescribing limitations period for statutory actions); Mo. Ann. Stat. § 516.120(5) (prescribing limitations period for fraud actions); *Owen v. General Motors Corp.*, 533 F.3d 913, 921 n.6 (8th Cir. 2008) (stating that MMPA claim was subject to § 516.120(2)).  An action for fraud accrues when the plaintiff discovers, or in the exercise of due diligence should have discovered, the facts constituting the fraud.  Mo. Ann. Stat. § 516.120(5); *Aetna Cas. & Sur. Co. v. Fernandez*, 830 F.2d 952, 954 (8th Cir. 1987).  If the plaintiff's suit is commenced more than 5 years after the fraudulent representations are made, the plaintiff must plead facts "'toll[ing]'" the limitations period, which could include facts showing plaintiff's due diligence in attempting to discover the fraud or facts showing that plaintiff was powerless to discover the fraud sooner.  *Id.*  In general, the issue of when the plaintiff discovered or by reasonable diligence could have discovered fraud is a question of fact.  *See Klehr v. A.O. Smith Corp.*, 87 F.3d 231, 235 (8th Cir. 1996).  Here, Plaintiff's state

court petition failed to allege when she discovered the alleged fraud, but her proposed First Amended Complaint alleges that she did not discover–and could not have discovered–the falsity of Defendants' representations until after she graduated in 2005, which is less than 5 years before she filed suit. Accepting Plaintiff's allegations in her proposed complaint as true and drawing all reasonable inferences in her favor, Plaintiff has alleged sufficient facts showing that she brought suit within 5 years after her claims accrued. Defendants' arguments are rejected, and the Court grants Plaintiff's motion for leave to file her first amended complaint.

Next, CEC and SBC/CTU contend the Court should strike or dismiss Plaintiff's allegation that Defendants misrepresented to her they would provide state of the art equipment upon which to learn.[1] According to CEC and SBC/CTU, this allegation–ostensibly a claim for fraud–is actually a claim for educational malpractice. In *Blake v. Career Educ. Corp.*, No. 4:08CV00821 ERW, 2009 WL 2567011, at *2-*5 (E.D. Mo. August 18, 2009), the court cited Missouri law in describing educational malpractice as a nonviable cause of action in which the plaintiff seeks to recover from an educator for the alleged failure to provide adequate educational services. *Id.* at *2. However, *Blake* recognized that a plaintiff may recover for *fraud* against an educator for failing to provide *specifically promised* educational services. *Id.* Here, more factual development is necessary before the Court can determine whether Plaintiff's state of the art equipment allegation is merely a veiled attempt to recover for educational malpractice or a legitimate claim for fraud. Plaintiff is entitled to discovery on this claim, and CEC and SBC/CTU's motion to strike or dismiss this allegation is denied.

Lastly, CEC and SBC/CTU argue that Plaintiff cannot recover for representations regarding expected salaries or whether credits would transfer to other schools because those representations relate to predictions of independent third parties' future actions which are not actionable. Missouri law holds that fraud cannot be predicated upon a statement regarding what independent third parties will do in the future. *Sindecuse v.*

---

[1] CEC and SBC/CTU actually challenged three allegations as being for educational malpractice, but two of those allegations were omitted from Plaintiff's proposed amended complaint, leaving only the equipment allegation at issue.

*Katsaros*, 541 F.3d 801, 803 (8th Cir. 2008) (citing *Eureka Pipe, Inc. v. Cretcher-Lynch & Co.*, 754 S.W.2d 897, 899 (Mo. Ct. App.1988)). However, there is an exception for statements made by a speaker with or who professes to have peculiar or superior knowledge of the matter involved. *See State ex rel. St. Louis & San Francisco Ry. Co. v. Daues*, 290 S.W. 425, 428 (Mo. 1927) (cited in *Nichols v. Hendrix*, 312 S.W.2d 163, 166 (Mo. Ct. App. 1958)); *Dawes v. Elliston*, 369 S.W.2d 285, 287-88 (Mo. Ct. App. 1963). Here, Plaintiff has alleged sufficient facts which, if true, could satisfy the exception to the general rule, and Plaintiff is entitled to discovery on these claims before the Court can determine whether Plaintiff is precluded from recovering for the starting salary and credit transferability representations. CEC and SBC/CTU's motion to dismiss or strike these allegations is denied.

### III. CONCLUSION

CEC and SBC/CTU's motion to strike and/or dismiss is denied. Plaintiff's motion to amend her complaint is granted. Plaintiff shall electronically file her amended complaint on or before April 28, 2010.
IT IS SO ORDERED.

                                                          /s/ Ortrie D. Smith
                                                          ORTRIE D. SMITH, JUDGE
DATE: April 14, 2010                                 UNITED STATES DISTRICT COURT